HHALIN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Greenbelt Division)

HENRI ALEXANDER SANCHEZ DEL CID
12417 Hickory Tree Way, Apt. G
Germantown, MD 20874
(Montgomery County)

      Plaintiff, on behalf of himself and
      all similarly situated individuals,

v.

LOVE MY CAR CARWASH, INC.
19600 Walter Johnson Road
Germantown, MD 20874
(Montgomery County)

ANTOINE HADDAD
a/k/a TONY HADDAD
10121 Sycamore Hollow Lane
Germantown, MD 20876
(Montgomery County)

ROBERT HADDAD
4001 Tottenham Court
Frederick, MD 21704
(Frederick County)

      Defendants.

Case No. _____

COMPLAINT

COLLECTIVE ACTION AND CLASS
ACTION REQUESTED

## COMPLAINT

### INTRODUCTION

1.      Defendants employed Plaintiff as a carwasher at their Montgomery County carwash.

Defendants paid Plaintiff an hourly rate less than Maryland or Montgomery County minimum

wage. This, in turn, resulted in a failure to pay the appropriate overtime wage.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay

overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*;

and willful failure to pay minimum and overtime wages, in violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

3.      Plaintiff brings his FLSA claim as a "collective action" pursuant to 29 U.S.C. § 216(b). Plaintiff brings his MWHL and MWPCL claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3). The "collective action" is brought on behalf of **Defendants' employees who, since October 1, 2014, were not paid one and one-half times the applicable minimum wage for hours worked in excess of 40 in any one workweek**. The Rule 23 class action is brought on behalf of **Defendants' employees who, since October 1, 2014, were not paid the applicable minimum wage, or who were not paid one and one-half times the applicable minimum wage for hours worked in excess of 40 in any one workweek.**

## JURISDICTION AND VENUE

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district and division, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

6.      Plaintiff is an adult resident of Montgomery County, Maryland.

7.      Defendant Love My Car Carwash, Inc. is a Maryland corporation. Its principal office is registered as 19600 Walter Johnson Road, Germantown, MD 20874. Its resident agent for service of process is Tony Haddad, 11417 Seneca Forest Circle, Germantown, MD 20876.

2

8.      Defendant Antoine Haddad is an adult resident of Montgomery County, Maryland. He is also known as Tony Haddad. He resides at 10121 Sycamore Hollow Lane, Germantown, MD 20876. He is an owner and an officer of Love My Car Carwash, Inc. He exercised authority over Defendant Love My Car Carwash, Inc.'s operations, including its pay practices.

9.      Defendant Robert Haddad is an adult resident of Frederick County, Maryland. He resides at 4001 Tottenham Court, Frederick, MD 21704. He is the onsite manager of Love My Carwash, Inc. He exercised authority over Defendant Love My Car Carwash, Inc.'s operations, including its pay practices.

10.     Upon information and belief, Defendants Antoine Haddad and Robert Haddad are brothers.

## FACTUAL ALLEGATIONS

### Facts Common to All Similarly Situated Individuals

11.     Defendants employed Plaintiff and similarly situated individuals at their carwash, located at 19600 Walter Johnson Road, Germantown, MD 20874.

12.     Plaintiff and similarly situated individuals typically performed manual labor, including washing and drying car exteriors, and vacuuming and cleaning car interiors.

13.     Plaintiff and similarly situated individuals typically worked more than 40 hours each and every workweek.

14.     Plaintiff and similarly situated individuals typically worked six days a week.

15.     Plaintiff and similarly situated individuals often worked 11.5 hours per day.

16.     Plaintiff and similarly situated individuals typically worked between 46.5 hours and 61.5 hours per workweek.

17.     Plaintiff and similarly situated individuals always clocked in and out of work with a punch clock.

18.     Plaintiff and similarly situated individuals were assigned an individualized pin number for use when clocking in and out of work.

19.     Plaintiff and similarly situated individuals were paid by the hour.

20.     Plaintiff and similarly situated individuals were paid less than the applicable minimum wage for either Maryland or for Montgomery County.

21.     Plaintiff and similarly situated individuals were typically paid once every two weeks.

22.     Plaintiff and similarly situated individuals were typically paid with a check.

23.     Plaintiff and similarly situated individuals typically received a paystub with a check that itemized the number of hours worked in that pay period.

24.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

25.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

26.     At all relevant times, Defendants had the power to hire and fire Plaintiff and similarly situated individuals.

27.     At all relevant times, Defendants had the power to control the work schedule of Plaintiff and similarly situated individuals.

28.     At all relevant times, Defendants had the power to set the rate of pay of Plaintiff and similarly situated individuals.

29.     Upon information and belief, Defendant Antoine Haddad signed the paychecks of Plaintiff and similarly situated individuals.

30.     Upon information and belief, Defendant Robert Haddad tendered Plaintiff and similarly situated individuals their paychecks.

31.     The Maryland minimum wage was $7.25 per hour in 2014, $8.00 per hour from January 1, 2015 through June 30, 2015, $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour from July 1, 2016 through the present.

32.     The Montgomery County minimum wage was $8.40 from October 1, 2014 through September 30, 2015, $9.55 from October 1, 2015 through September 30, 2016, and $10.75 per hour from October 1, 2016 through the present.

33.     Defendants owe Plaintiff and similarly situated individuals approximately **$175,311.75** in unpaid overtime wages.

### Facts Specific to Henri Alexander Sanchez del Cid

34.     Plaintiff Henri Alexander Sanchez del Cid worked for Defendants from approximately March 1, 2014 until approximately October 11, 2016.

35.     Plaintiff Henri Alexander Sanchez del Cid detailed car interiors.

36.     Plaintiff Henri Alexander Sanchez del Cid performed work duties such as vacuuming and removing stains from car interiors.

37.     Plaintiff Henri Alexander Sanchez del Cid typically worked six days a week.

38.     Plaintiff Henri Alexander Sanchez del Cid typically worked 61.5 hours each and every workweek.

39.     Plaintiff Henri Alexander Sanchez del Cid typically worked the following schedule:

| | Start Time | End Time | Hours Worked |
|---|---|---|---|
| Monday | | Off | |
| Tuesday | 7:30 a.m. | 6:00 p.m. | 10.5 hours |
| Wednesday | 7:30 a.m. | 6:00 p.m. | 10.5 hours |
| Thursday | 7:30 a.m. | 6:00 p.m. | 10.5 hours |
| Friday | 7:30 a.m. | 6:00 p.m. | 10.5 hours |

| Saturday | 7:30 a.m. | 6:00 p.m. | 10.5 hours |
| Sunday | 9:00 a.m. | 6:00 p.m. | 9.0 hours |
| | | | 61.5 hours |

40.     Plaintiff Henri Alexander Sanchez del Cid was paid $7.25 per hour.

41.     Plaintiff Henri Alexander Sanchez del Cid was paid $10.875 per overtime hour.

42.     Since October 1, 2014, Plaintiff Henri Alexander Sanchez del Cid worked approximately 1,127 overtime hours.

43.     For Plaintiff's work since October 1, 2014, Defendants owe Plaintiff Henri Alexander Sanchez del Cid approximately $11,687.45 in unpaid minimum and overtime wages.

## "COLLECTIVE ACTION" ALLEGATIONS

44.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b).

46.     At all relevant times, Defendants have employed approximately 15 employees at any given time.

47.     Plaintiff brings his FLSA claims on his own behalf, and on behalf of: **Defendants' employees who, since October 1, 2014, were not paid one and one-half times the applicable minimum wage for hours worked in excess of 40 in any one workweek.**

48.     These individuals are similarly situated because:

    a.     They were all paid by the hour.

    b.     They were all subject to the same timekeeping practices and employment policies.

    c.     They all regularly worked overtime.

    d.     They were all paid less than the minimally required hourly rate.

    e.     They all had similar, non-exempt job duties that generally involved manual labor.

      f.      They were all paid in the same manner.

49.     On information and belief, the putative collective class consists of at least 30 past and present employees.

50.     On information and belief, Defendants owe the members of the putative collective action approximately **$350,623.50** in unpaid wages and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

52.     This action is maintainable as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.

53.     Plaintiff brings his MWHL and MWPCL claims on his own behalf, and on behalf of:

**Defendants' employees who, since October 1, 2014, were not paid the applicable minimum wage, or who were not paid one and one-half times the applicable minimum wage for hours worked in excess of 40 in any one workweek**

54.     On information and belief, the putative class consists of approximately 30 past and present employees.

55.     On information and belief, Defendants owe the members of the putative class action approximately $525,935.25 in unpaid wages and liquidated damages under the MWHL and MWPCL.

### Numerosity and the Impracticability of Joinder

56.     The putative class is so numerous that individual joinder of all members is impracticable.

57.     The putative class consists of approximately 30 individuals.

58.     Most putative class members are from foreign countries, including El Salvador, Honduras, Guatemala, and Mexico.

59.     Many putative class members are applying for residency or citizenship, for which they may depend on a reference from Defendants.

60.     Putative class members live in multiple judicial jurisdictions, including Maryland, Virginia, and the District of Columbia.

61.     Most putative class members do not speak, read, or write English.

62.     Virtually all putative class members are low-wage workers.

63.     Many putative class members have claims so small that it would not be feasible for them to pursue their claims independently.

64.     Most putative class members are unfamiliar with Maryland's minimum wage and overtime laws or the FLSA. The members of the putative class are uniformly unaware that they may be entitled to unpaid minimum and overtime wages.

65.     Many members of the putative class sincerely believe that they will be fired if they take any affirmative steps to join this lawsuit.

## Commonality

66.     All putative class members performed similar, non-exempt job duties that involved manual labor.

67.     All putative class members were subject to the same timekeeping practices and employment policies.

68.     All putative class members reported to the same job location.

69.     The employment of all putative class members is subject to the same relevant laws: the FLSA, the MWHL, and the MWPCL.

70.     All putative class members were not paid the same applicable minimum wage.

71.     All putative class members were paid in the same manner.

72.     Not only are there common questions of law and fact; each putative class members'

claims are virtually *identical*. Differences between the amounts owed to each Plaintiff may be

resolved by a simple formula that takes into account their regular rate of pay and number of

hours worked.

## Typicality / Adequacy

73.     Plaintiff is typical of the putative class members. He performed similar job duties as

fellow class members; he worked schedules similar to his fellow class members; and he was paid

in the same manner as his fellow class members.

74.     There is no reason that Plaintiff would not vigorously pursue the claims of the putative

class.

75.     Undersigned counsel has litigated over 90 cases in state and federal court that implicate

the FLSA, DCMWA, DCWPCL, MWHL, and/or MWPCL. He has been counsel in class,

collective, and "hybrid" (class + collective) actions.

76.     There is no reason undersigned counsel would not vigorously pursue the claims of the

putative class.

## Predominancy / Superiority

77.     As stated above, the questions of fact and law are nearly identical between putative class

members.

78.     It is far more efficient to litigate the claims of the putative class in one single case than it

would be for the Court to preside over dozens of nearly identical lawsuits.

79.     Given the demographic characteristics of the putative class, it is in the interests of

putative class members to litigate these claims as efficiently as possible.

80.     Separate actions would only serve to limit Defendants' liability at the expense of the rights provided to low-wage workers under the MWHL and MWPCL.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

81.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

82.     Plaintiff and similarly situated individuals were "employees" of Defendants within the meaning the FLSA, 29 U.S.C. § 203(e)(1).

83.     Plaintiff and similarly situated individuals were "non-exempt" employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 213.

84.     Each Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

85.     The FLSA permits states and municipalities to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

86.     For purposes of calculating overtime wages under the FLSA, an employee's regular hourly rate cannot be lower than the highest applicable minimum wage. 29 C.F.R. § 778.5.

87.     The FLSA requires employers to pay non-exempt employees one and one-half times their effective regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

88.     Defendants violated the FLSA by knowingly failing to pay Plaintiff and similarly situated individuals at least one and one-half times their effective regular hourly rate for hours worked in excess of 40 hours in any one workweek.

89.     Defendants' FLSA violations were willful.

90.     For their FLSA violations, Defendants are liable to Plaintiff and similarly situated individuals for unpaid overtime wages, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

91.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

92.     Each Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the MWHL, Md. Code, Lab. & Empl. Art. § 3-401(b).

93.     The MWHL requires employers to pay non-exempt employees one and one-half times their effective regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art. § 3-415.

94.     Defendants violated the MWHL by knowingly failing to pay Plaintiff and similarly situated individuals the applicable minimum wage.

95.     Defendants violated the MWHL by knowingly failing to pay Plaintiff and similarly situated individuals at least one and one-half times the applicable minimum wage for hours worked in excess of 40 hours in any one workweek.

96.     Defendants' MWHL violations were willful.

97.     For their MWHL violations, Defendants are liable to Plaintiff and similarly situated individuals for unpaid minimum and overtime wages, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

## FAILURE TO PAY WAGES UNDER THE MWPCL

98.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

99.     Each Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the MWPCL, Md. Code, Lab. & Empl. Art., § 3-501(b).

100.    The MWPCL requires employers to promptly pay employees "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art., § 3-501(c)(1).

101.    The "compensation" required to be paid by the MWPCL includes overtime wages. Peters v. Early Healthcare Giver, Inc., 439 Md. 646, 654 (Md. 2014).

102.    The "compensation" required to be paid by the MWPCL includes the minimum wage of Maryland and the minimum wage of Montgomery County.

103.    Defendants violated the MWPCL by knowingly failing to promptly pay Plaintiff and similarly situated individuals all compensation that was due to them.

104.    Defendants' MWPCL violations were willful.

105.    For their MWPCL violations, Defendants are liable to Plaintiff and similarly situated individuals for three times the amount of the unpaid wages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated individuals, respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, and grant the following relief:

a.      Award Plaintiff and similarly situated individuals **$525,935.25** in damages, comprised of the following overlapping elements:

12

i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii.     unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

iii.    three times the amount of the unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff and similarly situated individuals pre-judgment and post-judgment interest as permitted by law.

c.      Award Plaintiff and similarly situated individuals reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.      Award Plaintiff and similarly situated individuals court costs; and

e.      Award any additional relief the Court deems just.

Date: 10/24/2016                    Respectfully submitted,

                                    /s/Justin Zelikovitz, Esq.
                                    Justin Zelikovitz, #17567
                                    LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                    519 H Street NW
                                    Washington, DC 20001
                                    Phone: (202) 803-6083
                                    Fax: (202) 683-6102
                                    justin@dcwagelaw.com

                                    *Counsel for Plaintiff*